THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KEITH L. CLOSSON,<br><br>                Plaintiff,<br><br>   v.<br><br>CHERYL STRANGE,<br><br>                Defendant. | CASE NO. C24-5895-JCC-SKV<br><br>ORDER |

       This matter comes before the Court on Plaintiff's objections (Dkt. No. 31) to the report and recommendation ("R&R") of the Honorable S. Kate Vaughan, United States Magistrate Judge (Dkt. No. 30). Having considered the R&R and the relevant record, the Court OVERRULES Plaintiff's objections and ADOPTS Judge Vaughan's R&R.

       Plaintiff proceeds *pro se* and *in forma pauperis* with a prisoner civil rights claim pursuant to 42 U.S.C. § 1983. (*See generally* Dkt. Nos. 6, 17, 18.) In it, he asserts a Due Process violation by former Washington Department of Corrections ("DOC") Secretary Cheryl Strange. (*See generally* Dkt. No. 18.) At issue is the implementation and enforcement of DOC Policy 320.250, which "establishe[s] guidelines" for "Maximum ('MAX') custody" placements of incarcerated persons who, among other things, "[p]ose a significant risk to the safety and security of employees, contract staff, volunteers, or other individuals." (Dkt. No. 22-1 at 2) (policy as revised through August 11, 2020). According to the undisputed record, Plaintiff has been in

DOC custody for over 30 years, following a 1993 conviction in Skagit County Superior Court for murder in the first degree. (Dkt. No. 23-1.)

In 2024, Defendant attacked a fellow inmate with an improvised weapon. (Dkt. Nos. 23-2, 23-8) (resulting DOC serious infraction reports). In response, the DOC initiated a custody review process, which resulted in Plaintiff's level 2 *only* MAX designation. (Dkt. No. 23-9.) According to Plaintiff, due to the very limited privileges afforded to such a placement, it is equivalent to an indefinite stay in solitary confinement. (Dkt. No. 18 at 7.) Plaintiff unsuccessfully attempted to appeal the determination. (Dkt. No. 28 at 9.)

Plaintiff then filed suit here. (*See* Dkt. No 7) (original complaint). The operative complaint (following amendment) seeks nominal damages and injunctive relief. (*See generally* Dkt. 18.) In it, Plaintiff did not assert that his conditions of confinement represent an Eighth Amendment violation. (*See generally id.*) Instead, he argued that policy 320.250's limited appeal procedures do not comport with Due Process, nor does the indeterminate nature of his present designation. (*See generally id.*). As such, former Secretary Strange is violating Plaintiff's Fourteenth Amendment rights. (*See generally id.*)

In response, former Secretary Strange moved for summary judgment, arguing that Plaintiff failed to exhaust his administrative remedies prior to filing his complaint and, regardless, policy 320.250's appeal and redesignation procedures comport with Due Process. (*See generally* Dkt. No. 21.) The Court referred the matter to Judge Vaughan, who issued the R&R now before the Court. (Dkt. No. 30.) In it Judge Vaughan found that Plaintiff did, in fact, properly exhaust (or at least attempt to) his administrative remedies. (*Id.* at 16.) However, Judge Vaughan also found that Plaintiff cannot show policy 320.250's MAX-level designation procedures violate Due Process because the policy affords an appeal procedure and articulates how an inmate can graduate out of a MAX designation. (*Id.* at 18.) Namely, the inmate must complete a DOC-established behavior and programming plan ("BPP") and then seek redetermination. (*Id.* at 18.)

In objecting to Judge Vaughan's R&R, Plaintiff argues his sole recourse is to establish that he is eligible for a non-MAX placement altogether (*i.e.*, return to the general population). (*See* Dkt. No. 31 at 2–8.) And, due to Plaintiff's problematic behavior over the course of his lengthy custodial history, he is unlikely to *ever* qualify for a non-MAX placement. (*Id.*) Thus, says Plaintiff, Judge Vaughan erred in concluding his present designation comports with Due Process. (*Id.*)

A district court must conduct a *de novo* review of those portions of a magistrate judge's R&R to which a party properly objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). This occurs when a party files "specific written objections" to the R&R. Fed. R. Civ. P. 72(b)(2). In contrast, general objections or summaries of arguments previously presented have the same effect as no objection at all since they do not focus the Court's attention on any specific issues for review. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Garvey v. Uttecht*, 2020 WL 5946157, slip op. at 1 (W.D. Wash. 2020).

As Judge Vaughan indicated, the undisputed record shows Plaintiff has made little, if any, effort to complete his BPP. (Dkt. No. 30 at 18–19.) Thus, says Judge Vaughan, the situation is "largely within [Plaintiff's] control." (*Id.*) The Court agrees with this conclusion.

For Plaintiff to have a colorable Due Process claim he, at a minimum, must complete a BPP and seek a new designation. If he does so, and is *then* denied, perhaps he may demonstrate that DOC personnel (through implementation of policy 320.250) infringed on his Due Process rights. But not before then.

Plaintiff also takes issue with Judge Vaughan's conclusion that a long-term level 2 designation such as his (spanning 13 months so far) is not a significant hardship, as described in *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). (*See* Dkt. No. 30 at 17, 31 at 5–6.) But Plaintiff provides no controlling authority for this proposition. And, again, the duration of Defendant's designation is largely in his control.

The Court, therefore, OVERRULES Plaintiff's objection(s) (Dkt. No. 31), ADOPTS the R&R (Dkt. No. 30), and ORDERS as follows:

ORDER
C24-5895-JCC-SKV
PAGE - 3

1. Defendant's motion for summary judgment (Dkt. No. 21) is GRANTED.

2. Plaintiff's complaint (Dkt. No. 18) and this action are DISMISSED with prejudice.

3. This dismissal shall count as a STRIKE under 28 U.S.C. section 1915(g); and

4. The Clerk is directed to send copies of this Order to Plaintiff and to Judge Vaughan.

DATED this 25th day of August 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE