THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH L. CLOSSON, | CASE NO. C24-5895-JCC |
| Plaintiff, | ORDER |
| v. | |
| CHERYL STRANGE, | |
| Defendant. | |

This matter comes before the Court on Plaintiff's motion for reconsideration (Dkt. No. 34) of the Court's order granting Defendant's motion for summary judgment and dismissing Plaintiff's complaint, (*see* Dkt. No. 32). Having thoroughly considered the briefing and the relevant record, the Court DENIES Plaintiff's motion for the reasons explained herein.

A motion for reconsideration is generally disfavored. LCR 7(h)(1). It is only appropriate where there is "manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* As this Court has frequently indicated, reconsideration should not be used to ask it to "rethink what it had already thought through—rightly or wrongly." *Wilcox v. Hamilton Constr., LLC*, 426 F. Supp. 3d 788, 791 (W.D. Wash. 2019) (cleaned up); *see, e.g.*, *Brown v. Murphy*, 2023 WL 6481566, slip op. at 1 (W.D. Wash. 2023); *Hoffman v. Transworld Sys. Inc.*, 2019 WL 109437, slip op. at 1 (W.D. Wash. 2019). Rather, it is limited to manifest error or new facts or legal

1   authority. LCR 7(h)(1). Plaintiff's motion, (*see* Dkt. No. 34), fails to demonstrate either manifest
2   error or new facts or legal authority that would allow his case to continue. (*See* Dkt. No. 41)
3   (Defendant's response brief, the analysis of which the Court incorporates as its own).
4       For this reason, Plaintiff's motion for reconsideration (Dkt. No. 34) is DENIED.

6   DATED this 22nd day of October 2025.

John C. Coughenour
UNITED STATES DISTRICT JUDGE